. COLLINS *v.* INSURANCE CO.

(*Jackson.*    April 28, 1892.)

1. CHANCERY PRACTICE.    *Suit commenced, when.*

Suit in equity is commenced at date of filing bill and giving cost bond in such sense that the running of statutes of limitations is thereby arrested.

Code construed: ₰5055 (M. & V.); ₰4312 (T. & S.).

Cases cited and approved: State *v.* Keller, 11 Lea, 399; Montgomery *v.* Buck, 6 Hum., 416; Carter *v.* Wolfe, 1 Heis., 695.

2. SAME.    *Same.    Res adjudicata.*

And this question, having been adjudicated upon an appeal from a decree overruling demurrer properly raising it, is *res adjudicata* upon the hearing of the same case on appeal from final decree upon the merits.

3. SAME.    *Abandonment of suit.    Laches.*

The defense that a suit in equity has been abandoned by reason of laches in its prosecution, must be made by motion or plea, and is . waived by answer to the merits.

4. SAME.    *Same.    Same.*

If the respondent avers certain matters *in pais* as constituting an abandonment of the suit by laches, the complainant may, without further pleading, rebut such·defense.

5. SAME.    *Same.    Same.*

In this case delay of three years in issuance of process, after bill filed

Collins *v.* Insurance Co.

and cost bond given, is held not to operate as an abandonment of the suit.

---

FROM GIBSON.

---

Appeal from the Chancery Court of Gibson County. H. J. LIVINGSTON, Ch.

COOPER & HARWOOD for Collins.

PITTS, HAYS & MEEKS for Insurance Co.

W. A. HENDERSON, Sp. J. This bill was filed in the Chancery Court at Humboldt, on November 28, 1884, as appears by the indorsement thereon of that date by the Clerk and Master of that Court. Accompanying the bill, and indorsed thereon, was an indorsement by Mr. Hill, the solicitor, in accordance with a common practice, that he would be responsible for costs in that case.

The transcript shows no further step taken in the case until November 16, 1887, an interval of some three years, when the then Clerk and Master, acting upon the aforesaid acknowledgment of suretyship, filled out a formal prosecution bond, and issued subpœna to answer, which was on that day properly executed as to the said insurance company.

28—7 v

On April 10, 1888, the defendant filed its demurrer, by which it raised the question whether the case was barred by failure to bring suit within twelve months, as provided for in the policy of insurance, contending that suit had not been begun on November 28, 1884, when the bill had been filed, but only on November 16, 1887, when process had actually issued.

The Chancellor was of the opinion that said demurrer was not well taken, and the same was overruled, with leave to appeal. This question was fully and ably presented to this Court at a former term, when the action of the Chancellor was affirmed. In that action of the Court, Judge Snodgrass, of the present Bench, did not concur. In the decree of affirmance, it was recited that this Court did "not pass upon the effect of any laches or lapse of time between the filing of the bill and the suing out of process thereon, if any intervened," that question not being before the Court on demurrer.

On the case being remanded to the Chancery Court, the respondent entered no motion to dismiss, nor filed any plea as to laches nor lapse of time, but filed its answer as to the merits, and also attempted in said answer to again raise the question as to the bar of limitation.

By the action of this Court on the demurrer, as above recited, this question is *res adjudicata* against the respondent, and, by that means, is the law of this case.

On this question, whether a suit in equity is begun by the filing of a bill and securing costs, or whether it remains unbegun till process is sued out, to be regularly served, able and exhaustive arguments have been offered us in this case. Much contrariety of authority may be adduced, drawn largely from States having Code practice, and based, doubtless, upon their own statutes; but we are of the opinion, based upon the equity practice of this State, and upon the sounder authorities, that in Tennessee a case in equity is begun, has a status in Court, upon the filing of a bill and securing costs as provided by statute; always provided that it is done in good faith. 1 Daniel's Ch. Pl., 399; *State* v. *Kellar*, 11 Lea, 399; *Montgomery* v. *Bank*, 6 Hum., 416; 1 Heis., 695; Code (M. & V.), § 5055; Gibson's Suits in Ch., 166.

Again: The respondent, in its answer, alleges facts upon which it bases a defense of abandonment, and its solicitor plausibly contends that these allegations cannot be met by the complainant except by amended bill; that, upon this defense, there may be an issue in the pleadings, to which we reply—

*First.*—The defense of abandonment or laches in prosecution can only be made by motion to dismiss, or by appropriate plea. An answer to the merits waives and passes beyond such defense.

*Second.*—While it is true, as a general rule of equity pleading, that where a respondent discloses a defense such as a deed, acquittance, license, or

accord and satisfaction, and the complainant desires to attack that defense, he must do so by appropriate pleadings, so as to form an issue, yet, when the respondent alleges certain facts from which it is assumed such defense as relied on in this case flows, then, without further pleadings, the complainant may establish by evidence that such assumption does not follow, because the respondent has not given the facts, or all the facts, of that subject-matter.

We are of the opinion that this case falls within the latter category, and that the respondent has failed to make good his contention that there has been such laches or abandonment as should defeat this suit.

These questions out of the way, the respondent makes no contention as to its liability on the policy sued on.

The decree of the Chancellor having been in accord with the principles herein recited, is correct, and is in all things affirmed, with costs.