McFarland v. Bowling.

L. B. McFarland v. George B. Bowling.

(*Jackson.* April Term, 1918.)

**LIMITATION OF ACTIONS.** Commencement of suit. Absence from State.

In view of Thompson-Shannon Code, sections 4012, 4007, requiring creditors of a decedent residing within the State to bring suit against the administrator or executor within two years and six months after the qualification of such personal representative, and section 4455, providing that, if the executor or administrator shall be absent from or reside out of the State, the time of such absence or residence shall not be taken as any part of the time limited for the commencement of the action, the running of limitations may be arrested by filing a bill in chancery against an executor, although he is temporarily absent, such filing being the beginning of a suit, even though personal process be not then issued, and hence failure to file such a bill in time bars an action by a creditor against an executor to recover on decedent's promissory note.

Cases cited and approved: Boro v. Hidell, 122 Tenn., 80, 89; Collins v. Ins. Co., 91 Tenn., 432; Cowan, McClung & Co. v. Donaldson, 95 Tenn., 322; Litton v. Armstead, 68 Tenn., 514; Montgomery v. Buck, 25 Tenn., 416.

Codes cited and construed: Secs. 4012, 4007, 4455 (T.-S.).

·FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— A. B. Pittman, Judge.

FRANK M. GILLILAND and JULIAN C. WILSON, for McFARLAND.

D. M. SCALES, for Bowling.

MR. CHIEF JUSTICE NEIL delivered the opinon of the Court.

This was an action brought before a justice of the peace of Shelby county against plaintiff in error as executor of a decedent on two promissory notes. There was a judgment before the justice which was affirmed on appeal to the circuit court of the county. The case was then appealed to the court of civil appeals, where the judgment was reversed. The case then reached us on the writ of *certiorari.*

In the circuit court the plaintiff in error pleaded the two years statute of limitations applicable to actions against executors and administrators on the debts of the decedent. This is commonly called the two years and six months statute, because six months must elapse after the qualification of the personal representative before any action can be brought against him. It was replied that the executor was absent from the State for the period of four and one-half months during the running of the statute. There was evidence that he was absent at various times for one week, two weeks, one month, two months, etc., aggregating four and one-half months. If these absences can lawfully be aggregated and the sum deducted, the suit was brought in time, but otherwise too late, and was thus barred.

McFarland v. Bowling.

Creditors of a decedent residing within the State must bring suit against the administrator or executor within two years and six months after the qualification of such personal representative. Shannon's Code (Thompson's Ed.), sections 4012, 4007. But there is an exception, which is insisted on in the present case, arising out of a section presently to be cited, viz.: That if the executor or administrator, against whom a cause of action has accrued, "shall be absent from or reside out of the State, the time of his absence or residence out of the State shall not be taken as any part of the time limited for the commencement of the action." Shannon's Code (Thompson's Ed.), section 4455. This exception, however, is not operative if it shall appear that the suit could have been brought in the State notwithstanding the absence of such executor or administrator. *Boro* v. *Hidell*, 122 Tenn., 80, 89 to 97, 120 S. W., 961, 135 Am. St. Rep., 857. A suit could have been brought against the executor at any time after his qualification and the expiration of the six months, in the chancery court of Shelby county, notwithstanding his temporary absence, simply by filing a bill against him, since in chancery the filing of the bill is the beginning of the suit, and arrests any statute of limitations, even though personal process be not then issued, or until a considerable time thereafter; the beginning of such suit not depending upon the issuance of process, but merely upon the filing of the bill. Shannon's Code (Thompson's Ed.) section 6122; *Collins* v. *Ins.*

*Co.,* 91 Tenn. (7 Pick.), 432, 435, 19 S. W., 525; *Cowan, McClung & Co.* v. *Donaldson,* 95 Tenn. (11 Pick.), 322, 32 S. W., 457; *Litton* v. *Armstead,* 9 Baxt. (68 Tenn.), 514, 515; *Montgomery* v. *Buck,* 6 Humph. (25 Tenn.), 416, 418. There having been no obstacle in the way of Bowling's filing such bill during the running of the statutory limitation of two years and six months, and thereby arresting the statute, notwithstanding the brief absences of the executor, and such bill not having been filed, the necessary conclusion is the present action was barred when it was brought after the expiration of the aforesaid limitation period.

We have not considered the question whether short absences of the kind referred to can be cumulated so as to save the bar, but, for the purposes of the present opinion, have assumed that they could be so united, and have reached the conclusion, on the ground stated, that even with this assumption in favor of the defendant in error, the bar was not escaped.

Therefore the judgment of the court of civil appeals, reversing the trial judge and dismissing the suit must be affirmed, with costs.