541

# BILL GREEN, Plaintiff in Error, v. HORACE PRINCE, Defendant in Error.—385 S. W. (2d) 127.

Eastern Section. May 14, 1964.

Rehearing Denied July 10, 1964.

Certiorari Denied by Supreme Court December 11, 1964.

542

Cunningham, Crutchfield & Luther, Chattanooga, for plaintiff in error.

R. K. Ballew, Blue Ridge, and Frank N. Bratton, Athens, for defendant in error.

McAMIS, P. J. This appeal of the defendant Green turns on whether the trial court was right in holding plaintiff not guilty of such negligence in selecting the forum of a prior action as deprives him of the right to invoke T.C.A. 28-106, providing:

"New action after adverse decision not foreclosing merits.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

It is the contention of defendant that plaintiff negligently and, in fact, intentionally and fradulently chose the forum of the Federal District Court at Chattanooga where his first suit was dismissed because of a lack of diversity of citizenship between himself and defendant. The circumstances are unique but may be briefly stated.

On October 13, 1960, both plaintiff and defendant were citizens and residents of Polk County, Tennessee. On that date plaintiff sustained personal injuries as the result of a collision with defendant's automobile. Soon thereafter he employed Honorable R. K. Ballew who was licensed to practice law both in Georgia and Tennessee and maintained his office at Blue Ridge, Georgia. He desired to bring suit in the Federal court and was advised by Mr. Ballew that he could maintain an action in the Federal court only if he became a citizen of another state.

As the trial judge found, plaintiff took this to mean that he could establish a temporary residence in another state until after the suit was instituted although Mr. Ballew had not so stated. Accordingly, plaintiff moved a distance of about 4 miles from his home in Polk County and rented a house across the state line in North Carolina where he and his wife lived for about two months. Plaintiff admits that he had no intention of permanently making his home in North Carolina and that his only purpose in moving was to enable him to bring suit in the Federal Court. Mr. Ballew knew that he had moved to North Carolina but did not know when the Federal suit was filed on May 12, 1961, that he intended to live there only temporarily.

Defendant filed a plea to the jurisdiction in the Federal suit and upon the development of the above facts plaintiff's suit in that court was dismissed "without prejudice" on May 16, 1962. Plaintiff then sued in the Law Court at Ducktown, in Polk County, but on September 17, 1962, took a voluntary non-suit. The present action was instituted in the Law Court October 22, 1962.

After seeing and hearing the witnesses testify the

trial judge, in overruling defendant's plea of the statute of limitations, said:

"Now a lot of people believe and think that when a cause of action arises you can move to another state and bring suit. It is just as simple as that. There is no question of diversity of citizenship in most people's minds. The expense of moving is all that seems to be involved with most people and I think this plaintiff was under the same impression. The thing that impresses me about it as much as anything else is the fact he didn't attempt to hide. He just comes out and says he moved so he could bring his suit in Federal Court. It is an unusual thing. There is no attempt to defraud anybody, I don't think. A lot of laymen don't understand the difference between being a citizen and resident and just living. It is a matter of intention. He believed all he had to do was move, and he did move there, and I think he honestly believed he had a cause of action. I think he told his attorneys he lived in North Carolina, and they brought the suit in Federal Court at that time, and then pretty soon afterwards he moved back. Everybody agreed that the Federal Court didn't have jurisdiction, which it didn't. I think if this man has offended either court it would be the Federal Court, and for some reason the Federal Court Judge didn't seem to think so, and he dismissed that suit without prejudice."

We concur in this finding.

■ We see no occasion to review here the cases dealing with the question of selection of an improper forum as depriving a plaintiff of the right to invoke the saving provisions of T.C.A. sec. 28-106, above copied. They are fully reviewed by Mr. Chief Justice Green in Burns v.

Peoples Telephone & Telegraph Co., 161 Tenn. 382, 33 S.W.(2d) 76, where the Court limited the effect of Sweet v. Chattanooga Electric Light Co., 97 Tenn. 252, 36 S.W. 1090, here strongly relied upon by defendant, to cases where the selection of the forum was grossly negligent.

Referring to the Sweet opinion the Court there said:

"Dissatisfaction with this ruling was indicated in Coal, Iron & Railway Co. v. Minton, 117 Tenn. 415, 101 S.W. 178, 11 L.R.A.(N.S.) 478, and it was intimated that the authority of the case should be confined to its particular facts.

"In Swift & Co. v. [Memphis Cold Storage] Warehouse Co., 128 Tenn. 82, 158 S.W. 480, a suit was brought in the chancery court of which it had no jurisdiction under the decision of this court. In disposing of the case, however, to meet the effect of Sweet v. [Chattanooga] Electric Light Co., supra, the court enjoined the defendant from relying on a plea of the statute of limitations if a suit was thereafter seasonably brought in a proper law court on the same cause of action.

"In Davis v. Parks, 151 Tenn. 321, 270 S.W. 444, 450, an action was brought against the Director General of Railroads in the wrong county and was dismissed for lack of jurisdiction. Thereafter, within one year after the dismissal of the first suit, another suit on the same cause of action was brought in a proper court and the statute of limitations relied on. This court held that the new suit was not defeated by the statute of limitations and refused to follow Sweet v. [Chattanooga] Electric Light Co. when the jurisdiction of the first court in which the suit was brought failed merely because of the venue. Among other things, it was said:

" 'The case of Sweet v. [Chattanooga] Electric [Light] Co., 97 Tenn. 252, 36 S.W. 1090, does not show the facts with regard to the first suit. The plaintiff may have been grossly negligent in originally choosing the forum, for all that appears, and the case may have been correctly decided on its own facts. But we do not consider that case authority for the proposition that however prudently a plaintiff may have acted in choosing his original forum, and however technical may have been the grounds for dismissal, a dismissal for want of jurisdiction, under any circumstances whatsoever, precludes plaintiff from relying upon the saving statute. Such a proposition is too far reaching to receive the approval of this court.' "

After citing and quoting from Moran v. Weinberger, 149 Tenn. 537, 260 S.W. 966 the opinion in the Burns case continues:

"As said by the court in the quotation above, the reason justifying statutes such as section 4446, Thomp. Shan.Code, is that the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert. If the plaintiff's suit is defeated upon some ground not concluding his right of action, the statute gives him another chance, provided he acts promptly within twelve months. Bearing in mind the reason of section 4446, Thomp.Shan.Code, Sweet v. [Chattanooga] Electric Light Co., supra, is not satisfactory. The case is said to stand alone."

The opinion concludes p. 388, of 161 Tenn., p. 78 of 33 S.W.(2d):

"As pointed out in Davis v. Parks, supra, and in Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986, there

may be cases in which a plaintiff was grossly negligent in choosing the forum of his first suit and in which the rule announced in Sweet v. [Chattanooga] Electric Light Co., supra, should be applied. Moran v. Weinberger, supra, proceeded to some extent on this idea. Under other circumstances, however, Sweet v. [Chattanooga] Electric Light Co. will not be followed and may be considered as overruled, except as indicated.''

In Hoover Lines, Inc. v. Whitaker, 22 Tenn.App. 223, 120 S.W.(2d) 983, this Court followed the Burns case to hold that ''unless a plaintiff is grossly negligent in choosing the forum of his first suit, he may dismiss the first action and institute another within one year thereafter''. See also Brooksbank v. Roane County, 207 Tenn. 524, 341 S.W.(2d) 570; Williams v. Cravens, 31 Tenn. App. 246, 214 S.W.(2d) 57.

We can not say the evidence preponderates against the finding of the trial judge that plaintiff in this case acted without any improper motive, upon a misunderstanding of the legal effect of taking up a temporary residence in another state and the implied finding that under the circumstances he was not guilty of gross negligence in bringing suit in the Federal court.

Affirmed.

Cooper and Parrott, JJ., concur.

### Opinion on Petition to Rehear

McAMIS, P. J. Defendant has filed a petition to rehear renewing his insistence (1) that plaintiff was grossly negligent in first bringing his suit in the Federal Court and (2) that he advisedly and deliberately chose that forum.

These questions were raised on the hearing and were duly considered in our original opinion. To again state our conclusions with respect to these two questions in another opinion would not be profitable. Suffice it to say, out of deference to counsel, we have re-examined the questions raised and find that we must adhere to our original findings and conclusions.

The petition is, accordingly, denied.

Cooper and Parrott, JJ., concur.