JAMES D. FLOURNOY, Petitioner,

*v.*

JAMES E. BROWN, Respondent.

391 S.W.2d 617.

*(Knoxville,* September Term, 1964.)

(May Session, 1965.)

Opinion filed June 2, 1965.

W. P. NEWKIRK, Knoxville, BOLT & NEWKIRK, Knoxville, of counsel, for petitioner.

FRANCIS W. HEADMAN, Knoxville, for respondent.

MR. JUSTICE CHATTIN, delivered the opinion of the Court.

James E. Brown brought this action on November 14, 1963, to recover an alleged loan made to defendant, James D. Flournoy, represented by four checks issued to defendant in April and May 1954.

He charged that on different occasions through the years defendant had promised to pay the debt, but at the time of the filing of the declaration the debt was unpaid.

The declaration further alleged plaintiff had filed a bill in the Chancery Court of Knox County some years prior to filing the present suit seeking a judgment for the same debt against the defendant herein; that plaintiff's Attorney had diligently tried to get the matter tried in that court but due to unavoidable delays the Chancellor had

dismissed the bill not on its merits or with prejudice; and that the order of dismissal was entered in the Chancery Court less than one year before the filing of the present suit in the Circuit Court of Knox County.

The defendant filed pleas of the general issue, res judicata, and the statute of limitations of six years.

The matter was heard by the Honorable Chester R. Mahood, Circuit Judge, without the intervention of a jury, on oral testimony, stipulations, and the entire proceedings in the Chancery Court filed in the record.

The trial judge found from the evidence the defendant was indebted to the plaintiff and that defendant's pleas were without merit.

Accordingly, a judgment overruling the pleas of defendant and awarding a recovery for $2,000.00 to plaintiff was entered in the trial court. The Court of Appeals affirmed the judgment.

Defendant has filed a petition for the writ of certiorari which we have granted.

Defendant has assigned four assignments of error in this Court which raise one issue for our determination; that is, whether the Court of Appeals was in error in affirming the trial court's holding the defendant's plea of res judicata was without merit.

The record in the Chancery Court proceeding shows the original bill of complainant, Brown, was filed on June 7, 1960. The defendant filed an answer on July 21, 1960. On December 30, 1960, complainant filed a motion to have the case set for trial on its merits. Complainant gave notice to Counsel for defendant he would call up this motion before the Chancellor at 9:30 o'clock A.M.,

on January 13, 1961. The next order entered was on June 3, 1963, which we quote:

"In this case, it appearing that a motion was made on December 30, 1960, to set the case for trial upon oral testimony and the case was accordingly set for trial on March 19, 1963, at which time the Attorneys appeared in open court and asked that the case be reset and it was accordingly reset for trial on June 3, 1963: and it appearing that none of the parties or any of the Attorneys appeared when the case was called for trial;

"It is therefore ordered, adjudged and decreed that the bill be dismissed and costs taxed against the complainant and his surety for which execution will issue.

"Dated June 3, 1963.

Chas. E. Dawson,

Chancellor Part I."

On June 10, 1963, complainant filed a petition requesting the Chancellor to vacate the above order and set the case for trial on its merits. The defendant filed an answer to the petition in which he set forth reasons for which he insisted the order should be amended so as to provide the bill be dismissed with full prejudice and moved that this be done.

The petition of complainant and the motion of defendant were heard on July 15, 1963, at which time the Chancellor signed an order, evidently drafted by Counsel for defendant, in which it was recited the matter was considered on the entire record and arguments of Counsel, from all of which he "was of the opinion that the motion to set aside said order of dismissal is without merit

and should be denied." He struck from the order the words that followed and which read: "And that the said countermotion made by defendant, James D. Flournoy, that said order of dismissal be made with full prejudice, shall be allowed."

The order continued: "It is, therefore, ordered, adjudged and decreed by the court that the order of dismissal entered herein on June 3, 1963, be, and the same is hereby in all things confirmed." And struck the words which followed and which read: "And said order of dismissal is made with full prejudice."

The Court of Appeals found the Chancellor's action in striking the words "with full prejudice" from the prepared order implied he did not intend to dismiss the case on its merits; and, therefore, the plea of res judicata was without merit; and that T.C.A. Section 28-106, which permits a new action to be commenced within one year after a dismissal or an adjudication of an action not on its merits, applies to chancery as well as law cases.

The Court of Appeals further found there was no merit to the contention of defendant the absence of the words, "without prejudice," in the order of dismissal of June 3, 1963, could be construed as meaning the bill had been dismissed on its merits.

Defendant, in support of his contention since the order did not contain the words, "without prejudice," was a dismissal upon the merits, cites and relies on *Parkes v. Clift*, 77 Tenn. 524 (1882) and *Moran v. Weinberger*, 149 Tenn. 537, 260 S.W. 966 (1923). But we disagree these cases are authority that a dismissal of a suit in equity in which the order omits the words, "without

prejudice," is conclusive the suit was dismissed on its merits in every instance.

In the Parkes case, Parkes filed a bill in the Chancery Court to have a judgment and execution sale declared void. The defendants filed a demurrer. The Chancellor overruled the demurrer and on appeal the Supreme Court reversed the Chancellor and dismissed the bill. The order did not contain the words, "with or without prejudice." Some time later Parkes filed another bill against the same defendants in which he stated the fact of the filing of the previous bill and that it was disposed of as above.

The defendants demurred to the bill on the ground the bill on its face showed a former adjudication, which was a bar to the prosecution. The Chancellor overruled the demurrer and the defendants appealed.

In disposing of the contention of Parkes that Code Section 2755, now T.C.A. Section 28-106, saved to him the right to file the second bill, the Supreme Court said:

"The section of the Code relied on, it will be noticed only saves the bar of the statutes of limitation in the particular case provided for. The dismissal in question, according to the bill, was upon the ground of lapse of time, that is the laches of the complainants in not having brought their suit in a reasonable time after the accrual of their right of action. Laches is an equitable defense independent of the statute of limitations: *Smith v. Clay*, Amb., 645. But the section of the Code relied on does not, in terms, apply to a case of laches within the rule of a court of equity. It was only intended to save the bar of the statute of limitations in the cases specified. It would not otherwise change the

effect of a former judgment or decree as res adjudicata.

"What, then, is the effect of the former decree, conceding it to be, as stated in the bill, a decree, upon demurrer, dismissing the bill 'alone upon the ground of lapse of time?' Would such a decree be upon the merits, and, therefore, necessarily concluding rights? In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined 'on the merits,' in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. The decision may be clearly wrong, or may be against the losing party because he offered in evidence a valid record or deed with a defective certificate, or otherwise failed to present his case as the facts within his knowledge, or obtainable by reasonable diligence, would have enabled him to do: *Thomson v. Blanchard*, 2 Lea, 528; *Nicholson v. Patterson*, 6 Hum. [Humph.], 394; Freem. on Judg., sec. 260. A former decree merely dismissing the bill, if not expressed to be without prejudice, is conclusive of the matters of litigation: *Williamson [Williams] v. Hollingsworth*, 5 Lea, 358; 2 Sto. Eq. Jur., sec. 1523. A decree, upon a demurrer, may be equally conclusive: *Murdock v. Gaskill*, 8 Baxt., 22. The cause of action may be so changed as to prevent the estoppel of a former decree upon demurrer: *Grotenkemper v. Carver*, 4 Lea, 375. But if the cause of action is the same, the neglect of the party to bring forward his whole case will not, as we have seen, alter the effect of the judgment or decree as res adjudicata. A finding

against a party, either upon final hearing or demurrer, that his cause of action as shown by him is barred by the statute of limitations or by laches is a decision upon the merits, concluding the right of action. The section of the Code was clearly not intended to apply to such a case. A party proceeds at his peril who, when his attention is directly drawn to the defects of his bill by the demurrer of his adversary, fails to amend with facts then within his knowledge, or capable of being obtained by reasonable diligence, even in a case where the ground of demurrer is lapse of time or laches: *McEwen v. Gillespie,* 3 Lea, 204. The bill is not protected by the section of the code relied on, and the former decree is a bar to the present suit.''

In the Moran case, the plaintiff sued for personal injuries received in November 1920, and recovered a judgment for $250.00. Defendant appealed to the Circuit Court. In October 1922, plaintiff took a nonsuit and within a year brought an action for damages for the same injuries in the Circuit Court for $10,000.00 basing her right to do so upon Shannon's Code Section 4446, now T.C.A. sec. 28-106. Defendant filed a plea of the statute of limitations which the trial judge sustained upon the ground the statute did not apply. On appeal the Court of Civil Appeals affirmed the trial court and held suits before Justices of the Peace were not within the statute; and that this was particularly true to a new suit brought for an amount in excess of the magistrate's jurisdiction of $500.00.

The Supreme Court reversed and remanded the case for trial for the limited amount of $500.00 as originally sued for.

In the course of the opinion the Court said:

"The statute is held to be remedial, and is to be liberally construed, but protection against laches, negligences, or other fault of the plaintiff was no part of its purpose, nor was it intended to hold open the way indefinitely for vexatious and harassing continuation or renewal of litigation. (*Reed v. [Cincinnati, N. O. & T.] Railroad,* 136 Tenn. 499, 190 S.W. 458; *Anderson v. Bedford,* 4 Cold. 464)."

The order of the Chancellor in the case at bar dismissed the bill because the case had been set for trial on June 3, 1963, at the request of the parties and that neither of the parties nor any of the Attorneys appeared on that date.

The record further shows the defendant filed an answer to the merits in the chancery or first suit.

The defense that a suit in equity has been abandoned by reason of laches in its prosecution, must be made by motion or plea, and is waived by answer to the merits. *Collins v. Insurance Co.,* 91 Tenn. 432, 19 S.W. 525 (1892).

Thus, the question of laches, neglect or the statute of limitations was not before the Chancellor when the dismissed the suit on his own motion because, "none of the parties or any of the Attorneys appeared when the case was called for trial."

The state of the record being such, we think we must presume the Chancellor dismissed the suit not for laches or neglect of the complainant alone but for the want of prosecution of the suit for lack of diligence of both parties.

■ T.C.A. Section 28-106 applies to equity as well as law cases. *Roberts v. N. C. & St. L. R. Co.,* 6 Tenn.Civ. App. 149 (1915) ; Gibson's Suits in Chancery, 5th Edition, Section 618, page 677.

■ In the present suit, the plaintiff stated defendant had on numerous occasions promised to pay the debt which tolled the statute of limitations. Both the trial court and the Court of Appeals found the evidence supported plaintiff on this issue as well as the issue defendant was indebted to plaintiff for the amount sued for. Their concurrent finding is conclusive in this Court.

■ It appearing the Chancery suit was not dismissed upon its merits within the meaning of T.C.A. Section 28-106, we must overrule defendant's assignments of error. Accordingly, the judgment of the Court of Appeals affirming the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and HOLMES, JUSTICES, concur.