**Joe VASON, Plaintiff,**

v.

**George NICKEY, Individually, and d/b/a Nickey Construction Co., et al., Defendants.**

**Civ. No. 68–219.**

United States District Court

W. D. Tennessee, W. D.

Dec. 31, 1968.

Walter Buford, Cordell Hull Sloan, Memphis, Tenn., for plaintiff.

Henry H. Hancock, Charles G. Morgan, Memphis, Tenn., for defendants.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

In this case the defendants have filed a Motion to Dismiss based upon a defense of the statute of limitations which is one year for personal injury in Tennessee. 28 T.C.A. § 304.

The plaintiff sues for damages for injuries alleged to have been incurred on May 14, 1966. On May 12, 1967, suit was filed in this District Court upon the jurisdictional grounds of diversity of citizenship. The plaintiff alleged that he was a citizen of California and that the defendants were citizens of Tennessee at the time of the filing.

Pursuant to local rules, which provide for random assignment of cases, the case was assigned to the Honorable Bailey Brown. The citizenship of the plaintiff was challenged and the Court, after hearing proof, determined that the plaintiff was a citizen of Tennessee at the time of the filing of that case. Accordingly, that case was dismissed on June 13, 1968, for lack of jurisdiction.

On August 7, 1968, the case was re-filed in this Court. The plaintiff alleges that he was a citizen of Arkansas at the time that the case was refiled and relies on the Tennessee saving statute, 28 T.C.A. § 106, which allows a new action to be commenced within one year from the time of the conclusion of a former action, when the former action was not foreclosed on the merits.

██ As a general rule, the Tennessee saving statute permits the refiling of a cause of action which has been formerly filed and dismissed for want of jurisdiction. Smith v. McNeal, 109 U.S. 426, 3 S.Ct. 319, 27 L.Ed. 986 (1883); Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 33 S.W.2d 76 (1930). However, the general rule has exceptions. When the plaintiff has been grossly negligent or was not acting in good faith when he erroneously pursued an action in a court which did not have jurisdiction, the saving statute is not available to him. See Smith v. McNeal, supra; Burns v. Peoples Tel. & Tel. Co., supra; Green v. Prince, 53 Tenn.App. 541, 385 S.W.2d 127 (1964); 6 A.L.R.3d 1043.

It is the contention of the defendants that the plaintiff was guilty of gross negligence or bad faith in the former case and that the saving statute is not applicable in the instant case. The plaintiff asserts that Judge Brown refused to find that the plaintiff was guilty of bad faith when he dismissed the case and, therefore, it is the law of the case that the bad faith exception to the general rule is not applicable in the instant case. In support of this contention the plaintiff has filed in this case a small portion of the transcript of the former case.

██ Upon consideration of the record in the instant case, the arguments of

counsel, the applicable statutes and judicial interpretations thereof, this Court is of the opinion that the applicability of the savings statute and the exceptions thereto should be heard as separate issues in the instant case. Although the citizenship of the plaintiff at the time of the filing of the former case was controverted and finally determined by Judge Brown, the issue of plaintiff's gross negligence or bad faith was not determined in that case.

The Motion to Dismiss is therefore overruled. If the defendants wish to rely upon the defense set forth in the motion, it should be pleaded and asserted as a factual dispute in the instant case and the Court will entertain a motion to sever those issues from the issues involved in the personal injury claim.