Frank Ellis LEE, Plaintiff-Appellant,

v.

Dr. A. H. CRENSHAW, the Campbell Clinic, Inc., and Baptist Memorial Hospital, Inc., Defendants-Appellees.

No. 76–1624.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1976.

Decided Sept. 12, 1977.

Rehearing Denied Oct. 17, 1977.

James F. Schaeffer, Mayo L. Coiner, Memphis, Tenn., for plaintiff-appellant.

Edward W. Kuhn, Memphis, Tenn., for Crenshaw and Campbell Clinic.

Max Shelton, Memphis, Tenn., for Baptist Hospital.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and FREEMAN, Senior District Judge.*

PHILLIPS, Chief Judge.

This diversity case presents this question under Tennessee law: Is a cause of action "commenced" for purposes of the Tennessee saving statute [1] when a complaint and summons are filed but, with plaintiff's knowledge and approval, an immediate nonsuit is entered and no summons is issued? Because of unresolved questions of fact in the record before us, we reverse the district court's grant of summary judgment for the defendants and remand this case for further proceedings.

---

* Honorable Ralph M. Freeman, Senior Judge, United States District Court for the Eastern District of Michigan.

1. T.C.A. § 28–106:

    **28–106. New action after adverse decision not foreclosing merits.**—If the action is *commenced* within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. (emphasis added).

## I.

An alleged act of professional negligence took place on February 1, 1974, involving a Memphis, Tennessee, doctor, clinic and hospital. On January 31, 1975, plaintiff-appellant filed a complaint in the State Circuit Court for the Fifteenth Judicial District at Memphis. A summons and copy of the complaint for each defendant were delivered to the clerk and the case was assigned a docket number. Plaintiff's attorney told the personnel in the clerk's office that a nonsuit would be entered immediately. According to the affidavit of a Deputy Clerk of the Circuit Court, plaintiff's attorney also gave instructions ". . . not to issue a summons because an immediate nonsuit would be taken." The counter-affidavit of plaintiff's attorney states as follows: "That at no time did I instruct or direct any member of the staff of the Clerk of the Circuit Court of Shelby County to withhold issuance of process, but merely informed the members of the Clerk's office staff that an Order of Non-Suit was being entered as a matter of courtesy to enable them to prepare a Bill of Costs."

Plaintiff's attorney obtained an "Order of Non-Suit Without Prejudice" from a judge of the Circuit Court on the same day, January 31, 1975, and paid the bill of costs. No summons was issued by the clerk. Plaintiff's counsel knew no summons had issued as he endorsed this note across the top of the summons: "NOT ISSUED—NON-SUIT TAKEN SAME DAY."

On January 28, 1976, plaintiff refiled this suit as a diversity action in the United States District Court for the Western District of Tennessee. Defendants moved for summary judgment on the ground that Tennessee's one-year statute of limitations barred the action. Plaintiff responded that the original complaint was filed within the one-year statute of limitations and the action was "commenced" for purposes of the Tennessee saving statute (See n. 1, supra) and that since the second filing was within the additional year allowed by the saving statute, the action was not barred. Based on the affidavits and arguments of the par-

ties, the district court held that the original filing did not toll the statute of limitations and thus plaintiff could not rely on the saving statute. The court granted summary judgment to the defendants and plaintiff appeals.

## II.

We find no Tennessee case directly addressing this issue. It is thus our obligation to make a considered "educated guess" as to what decision the Supreme Court of Tennessee would reach on these facts. *Ann Arbor Trust Co. v. North American Co.*, 527 F.2d 526, 527 (6th Cir. 1975), *cert. denied*, 425 U.S. 993, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1976).

The Tennessee saving statute (note 1, supra) allows a plaintiff to maintain a new action within one year of an inconclusive judgment if the original action was "commenced" within the applicable statute of limitations. Commencement of a civil action is defined as follows in Rule 3 of the Tennessee Rules of Civil Procedure:

### RULE 3
### COMMENCEMENT OF ACTION

All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is returned unserved, plaintiff, if he wishes, to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from return unserved of the previous one, or plaintiff must recommence the action within one year after the return of the initial process not served.

■ Appellees contend that Rule 3 contemplates the return of process "served or unserved" as a necessary component of the commencement of an action and that an action cannot be "commenced" where no process issued. We disagree. The plain language of the first sentence of the rule

belies this contention. The discussion of process in the remainder of the rule is in the context of describing one procedure for tolling the statute of limitations and does not state an intention to require service of process as part of "commencement" for all purposes. Moreover, the Committee Comments to Rule 3 demonstrate that the framers consciously adopted the prior chancery court practice of commencement by filing, rather than the prior practice in the law courts of Tennessee of commencement of an action by issuance of a summons. The comments state:

> Committee Comment: Prior to the adoption of these Rules, civil actions at law were commenced by issuance of summons (T.C.A. § 20–201). Suits in chancery were commenced by filing a bill in the chancery court (T.C.A. § 21–102). Rule 3 adapts the chancery practice to all courts.

Tennessee cases demonstrate that service of process was not a prerequisite to commencement of an action in the chancery courts. In *McFarland v. Bowling*, 139 Tenn. 691, 203 S.W. 254 (1918), the Tennessee Supreme Court catalogued the pertinent decisions and stated the rule as follows:

> . . . [I]n chancery the filing of the bill is the beginning of the suit, and arrests any statute of limitations, even though personal process be not then issued, or until a considerable time thereafter; the beginning of such suit not depending upon the issuance of process, but merely upon the filing of the bill.

139 Tenn. at 693, 203 S.W. at 255.

*See also Collins v. Insurance Co.*, 91 Tenn. 432, 19 S.W. 525 (1892); Gibson's Suits in Chancery § 132 (4th ed. 1937).

We conclude that failure to issue process would not by itself preclude the commencement of appellant's cause of action under Rule 3 of the Tennessee Rules of Civil Procedure. This conclusion, however, does not resolve the issue presented on the present appeal. Appellant does not rely on Rule 3 as the source of his right to maintain his

new action.[2] Rather, appellant invokes the special provisions of the saving statute, T.C.A. § 28–106 (note 1, *supra*). The saving statute pre-dates Rule 3 and it was not repealed or modified by the promulgation of the Tennessee Rules of Civil Procedure. In *Adams v. Carter County Memorial Hospital*, 548 S.W.2d 307 (Tenn.1977), the Supreme Court of Tennessee indicated that the provision found in Rule 3 and in T.C.A. § 28–106 for avoiding the bar of the statute of limitations are separable, and the statute may "save" a cause of action in a situation where the rule would not do so.

Appellees argue that the saving statute is not available because plaintiff's counsel acted to deprive them of notice of the pendency of the original cause of action. Appellees rely principally on *Moran v. Weinberger*, 149 Tenn. 537, 260 S.W. 966 (1923), for the proposition that justification for invoking the saving statute is absent where defendants are deprived of notice of the original claim. Whether or not the peculiar jurisdictional issue before the court in *Moran* makes that decision applicable here, there are Tennessee decisions indicating that notice to the defendant and diligence by plaintiff's counsel are pertinent to the applicability of the saving statute. In *Burns v. Peoples Telephone & Telegraph Co.*, 161 Tenn. 382, 33 S.W.2d 76 (1930), the Supreme Court of Tennessee said this about the predecessor statute to T.C.A. § 28–106:

> [T]he reason justifying statutes such as [the Tennessee saving statute] is that the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert. If the plaintiff's suit is defeated upon some ground not concluding his right of action, the statute gives him another chance, provided he acts promptly within twelve months.

161 Tenn. at 387, 33 S.W.2d at 78.

Elsewhere in *Burns, supra*, 161 Tenn. at 387, 33 S.W.2d at 78, the court quoted with approval from a New York decision:

---

2. We express no opinion on the question whether the second sentence of Rule 3, *supra*, provides appellant any relief from the statute of limitations on the facts presented. This issue was not presented to the district court.

The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. . . .

See also Green v. Prince, 53 Tenn.App. 541, 385 S.W.2d 127 (1964).

█ Our review of the Tennessee decisions interpreting Rule 3 and T.C.A. § 28–106 convinces us that the factual dispute regarding notice to the defendants must be resolved before a determination is made as to the applicability of the saving statute. It appears the defendants did not receive notice of the original filing and that plaintiff's counsel knew that notice did not issue. However, the record does not permit a conclusion as to why the summons did not issue from the office of the State Circuit Court in Memphis. This appeal arises from the grant of a motion for summary judgment. The factual circumstances surrounding the original filing are hotly contested in the affidavits submitted in the district court.

If the failure to issue process resulted from no fault or lack of diligence by plaintiff's counsel, there would appear to be no bar to the application of the saving statute. This would be the case if, for example, the decision not to issue the summons was the result of error or inadvertence by the Clerk's office.[3] See General Electric Supply Co. v. Arlen Realty & Development Corp., 546 S.W.2d 210, 214 (Tenn.1977); Cowan, McClung & Co. v. Donaldson, 95 Tenn. 322, 325, 32 S.W. 457 (1895). If plaintiff's counsel acted affirmatively to short-circuit the issuance of process in order to avoid giving notice to defendants of the cause of action, there would be no justification for invoking the saving statute.

The summary judgment is reversed and the case is remanded for determination of the factual issues set forth in this opinion. No costs are taxed. The parties will bear their own costs on this appeal.

---

**3.** We note that Rule 4 of the Tennessee Rules of Civil Procedure provides:

*4.01. Summons; Issuance—By whom served.*—Upon the filing of the complaint the clerk of the court wherein the complaint is filed *shall forthwith* issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. (emphasis added).