Frank Ellis LEE, Plaintiff-Appellant,

v.

Dr. A. H. CRENSHAW, The Campbell Clinic, Inc. and Baptist Memorial Hospital, Inc., Defendants-Appellees.

No. 78-1085.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1980.

Decided April 10, 1980.

James F. Schaeffer, Schaeffer & McDougal, Memphis, Tenn., for plaintiff-appellant.

Henry T. V. Miller, Edward Kuhn, McDonald, Kuhn, Smith, Gandy, Miller & Tait, Memphis, Tenn., for Crenshaw and Campbell Clinic.

Max Shelton, Manire, Harris, Shelton & Dunlap, Memphis, Tenn., for Baptist.

Before WEICK, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

The issue in this diversity case is whether then Chief District Judge Bailey Brown correctly determined the Tennessee saving statute [1] does not apply to the plaintiff-appellant's medical malpractice action, which is barred by Tennessee's one year tort statute of limitations. We affirm.

Plaintiff-appellant Lee filed his original action in the State Circuit Court on January 31, 1975, the last day of the one year limitations period for filing tort actions. Instead of proceeding with the action, Lee took an immediate voluntary non-suit, so informed the Deputy Clerk of the Circuit Court, and paid the bill of costs. Since no process was

---

1. T.C.A. § 28-106:

   **28-106. New action after adverse decision not foreclosing merits.**—If the action is *commenced* within the time limit by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. (Emphasis added).

served or issued, the bill of costs did not include any charge for service of summons.

On January 28, 1976, almost a year after the one year statute of limitations had run, Lee refiled his suit as a diversity action in the United States District Court for the Western District of Tennessee. The defendants moved to dismiss on the ground that the statute of limitations barred the suit. Lee argued his original suit had been timely filed and the saving statute gave him an additional year in which to file his present suit. Judge Brown held Lee's original suit had never been commenced within the meaning of the saving statute because no summons had been served on the defendants. Accordingly, he dismissed the complaint.

This court reversed. *Lee v. Crenshaw*, 562 F.2d 380 (6th Cir. 1977). We noted that Rule 3[2] of the Tennessee Rules of Civil Procedure states that a suit is "commenced" within the meaning of any statute of limitations when it is filed. We held that failure of process to issue is not conclusive against application of the saving statute. We also noted the saving statute was designed to protect diligent suitors, those whose timely filed complaints put their defendants on notice that the complainants intend to assert their legal rights. We reconciled Rule 3's definition of "commenced" with the saving statute's emphasis on notice and diligence by holding that the statute would apply if the failure of defendants to receive notice was not due to any lack of diligence on the part of plaintiff. Since the parties disagreed as to why no process had issued, we remanded the case for a hearing.

On remand, Judge Brown determined that the attorney for Lee had been at least partially to blame for defendants' failure to receive notice. Specifically, he found Lee's attorney never prepared service copies of the summons and complaint, that he told the Deputy Clerk when he filed the action that he intended to take an immediate nonsuit, and that he obtained an order dismissing the action before the Deputy Clerk had had a chance to issue any process. These findings led the district court to conclude that Lee's attorney never intended process to issue, knew that no summons was issued and agreed with the Deputy Clerk that issuance was unnecessary under the circumstances. Judge Brown held the saving statute did not apply and dismissed.

Lee appeals.

Lee reads the prior opinion of this court to permit application of the saving statute unless "plaintiff's counsel acted affirmatively to short-circuit the issuance of process in order to avoid giving notice to defendants." *Lee v. Crenshaw, supra*, 562 F.2d at 383. Since the district court made no finding that counsel for Lee directed the Deputy Clerk not to issue process, Lee argues, it should have held the saving statute applies.

We disagree. By filing only originals of the complaint and summons[3] and immediately obtaining an order dismissing the action, Lee's counsel virtually ensured that process would not issue and the defendants would not receive notice. In fact, he testified at the remand hearing that one of his purposes in taking an immediate non-suit was to avoid saddling Lee with the cost of

---

**2.**

RULE 3

COMMENCEMENT OF ACTION

All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved; but if the process is returned unserved, plaintiff, if he wishes, to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process

to be obtained within six months from return unserved of the previous one, or plaintiff must recommence the action within one year after the return of the initial process not served.

**3.** Lee's counsel testified that he followed his customary procedure in filing Lee's action, which was to provide an original and service copies of both the complaint and summons. The district court's findings of fact, however, require us to accept as true the testimony of the Deputy Clerk that she was given only originals.

**204**

having process served. We think this constitutes affirmative action to short-circuit the issuance of process. The district court was correct in holding the saving statute inapplicable.

The judgment of the district court is affirmed.