# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 7, 2005

## MARTY KENDALL v. VANDERBILT BILL WILKERSON CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 04C-8     Walter C. Kurtz, Judge**

---

**No. M2004-00993-COA-R3-CV - Filed June 13, 2005**

---

Plaintiff appeals the dismissal of her lawsuit as being time barred.  Plaintiff timely filed an action for wrongful discharge of her employment.  Summons was issued but never served on Defendant.  Plaintiff then took a voluntary dismissal but did not serve, nor attempt to serve, a copy of the notice of voluntary dismissal, the order of dismissal or a copy of the initial complaint on Defendant as required by Tenn. R. Civ. P. 41.01.  Plaintiff filed this action to revive her claim of wrongful discharge within one year of the voluntary dismissal of her first action but more than one year after termination of her employment.  Defendant filed a Motion to Dismiss contending that Plaintiff's claims were time barred, which the trial court granted.  Plaintiff appealed.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

James L. Harris, Nashville, Tennessee, for the appellant, Marty Kendall.

J. Davidson French, Nashville, Tennessee, for the appellee, Vanderbilt Bill Wilkerson Center.

## OPINION

This is the second of two identical constructive discharge actions Marty Kendall, Plaintiff, filed against Vanderbilt Bill Wilkerson Center, the named defendant.[1]  In each action Plaintiff contends that she was constructively discharged by the Vanderbilt Bill WIlkerson Center on August 24, 2001.  She presents two claims:  (1) a retaliatory discharge claim under the Tennessee Public

---

[1]Vanderbilt University filed a responsive pleading contending *inter alia* that "the named defendant, Vanderbilt Bill Wilkerson Center, is not a legal entity."  In its Memorandum and Order, the trial court held that it "does not believe that this misnomer is of importance and the Court in this order has added 'The Vanderbilt University' as the correct party."

Protection Act, Tenn. Code Ann. § 50-1-304; and (2) a retaliatory discharge claim under the common law of Tennessee.

Plaintiff timely filed her first complaint on August 20, 2002.[2] Summons was issued but not served and no alias summons was requested or issued. Thus, the complaint filed in the first action was never served on Defendant. On January 24, 2003, Plaintiff filed a Voluntary Notice of Dismissal under Rule 41.01 and a proposed Order of Voluntary Dismissal. The order was entered on January 31, 2003. Plaintiff filed this, her second action, on January 5, 2004,[3] asserting the identical claims of the first action. Summons was issued and served on Defendant along with the complaint in the second action.

Defendant filed a Motion to Dismiss as its responsive pleading to the Complaint in the second action. It contended that Plaintiff's claims were barred by the applicable one-year statutes of limitation, Tenn. Code Ann. §§ 4-21-311 and 28-3-104. The trial court held that Plaintiff "may not rely on the complaint that was filed on August 20, 2002 to toll the running of the statute of limitations" because she did not comply with Tenn. R. Civ. P. 3 or 41.01. Because the second complaint was filed more than one year following termination of Plaintiff's employment and the applicable statutes of limitation were one year, the trial court dismissed the action as time barred. Plaintiff appealed contending that the trial court's application of Tenn. R. Civ. P. 3 and 41.01 was error.

No factual disputes are presented. The issue presented hinges on the proper interpretation of the law to the undisputed facts of this case. Therefore, the trial court's resolution of these issues is not entitled to Tenn. R. App. P. 13(d)'s presumption of correctness on appeal. We will review the issues *de novo* and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

Tenn. R. Civ. P. 3 states in pertinent part:

> If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement [of the action] to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 41.01 requires a plaintiff who files a notice of voluntary dismissal to serve a copy of the notice on all parties. It further provides that if a defendant has not been served with

---

[2] Davidson County Circuit Court, Docket No. 02C-2352.

[3] Davidson County Circuit Court, Docket No. 04C-8.

the summons and complaint, the plaintiff must also serve a copy of the complaint on the defendant. In such cases, however, the plaintiff need not obtain formal service of process on the defendant as Tenn. R. Civ. P. 4 requires. Service pursuant to Tenn. R. Civ. P. 5.02 is sufficient.[4] *See Boone v. Morris*, No. M2002-0306-COA-R3-CV, 2004 WL 2254012, at *6 (Tenn. Ct. App. Oct. 6, 2004).

> Tenn. R. Civ. P. 41.01 . . . requires "serving" a copy of the notice of dismissal on all parties. In addition, it requires the plaintiff to "serve" a copy of the complaint on any party who has not already been served with a summons and complaint. . . . [S]ervice under Rule 5 is all that is required. . . . [D]elivery of the notice of dismissal and the original complaint is intended to provide the defendants with notice of the original action and its dismissal and notice that the plaintiff may commence another action within one year; the purpose is not to require the defendant to appear and answer the dismissed complaint. The Rules of Civil Procedure do not require that notices be served like process; they serve different functions.

*Boone*, 2004 WL 2254012, at *6.

The importance of a defendant being aware that a civil action has been filed and voluntarily dismissed is also stated in the 1991 Advisory Commission Comment to Tenn. R. Civ. P. 41.01(1). The Advisory Commission informs us that:

> Rule 41.01(1) [was] amended to require service of both the written notice of nonsuit and a copy of the complaint on other parties. Such a requirement helps cure the injustice of a plaintiff filing a complaint and summons under Rule 3 and immediately taking a nonsuit. If the savings statute applies, the plaintiff would get the benefit of tolling a statute of limitations without the defendant knowing of any litigation. But see *Lee v. Crenshaw*, 562 F.2d 380 (6th Cir. 1976), 622 F.2d 202 (6th Cir. 1980), indicating that such a ploy would not stop the running of the statute of limitations.

A plaintiff who failed to comply with Tenn. R. Civ. P. 3 or 41.01 cannot rely on the filing date of the original complaint for purposes of satisfying the applicable one-year statute of limitations. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 716-717 (Tenn. 2002). "[A]bsent service of the Notice of Voluntary Dismissal and the complaint at the time of taking the nonsuit, a plaintiff who has failed to serve process prior to the taking of the nonsuit in accordance with Rule 3 may not rely upon the benefit of the one-year tolling period of the saving statute to avoid the bar of the statute of limitations." *Id.*

---

[4] "We conclude that Tenn. R. Civ. P. 41.01 requires that a nonsuiting plaintiff, at the time of the nonsuit, serve a copy of the notice of dismissal and a copy of the dismissed complaint on any defendant who has not been previously served with a summons and complaint and that such service must comply with the requirements of Tenn. R. Civ. P. 5, not with the requirements for service of process under Tenn. R. Civ. P. 4." *Boone v. Morris*, 2004 WL 2254012, at *6.

Plaintiff never served a copy of the Notice of Dismissal, the Order of Voluntary Dismissal or the Complaint in the initial action on Defendant. Moreover, the record reveals that Plaintiff did not even attempt to serve a copy of the notice or order with the complaint. As the trial court noted in its Memorandum and Order, the certificate of service for the Notice of Dismissal and the Order of Voluntary Dismissal stated: "I hereby certify that a copy of the foregoing document has <u>not</u> been served upon the defendant and therefore notice is not necessary." (emphasis added)

Plaintiff's claims, all of which are based upon an alleged constructive discharge on August 24, 2001, are subject to one-year statutes of limitations. Plaintiff filed the second of her two identical actions on January 5, 2004, more than two years after her alleged constructive discharge. Since Plaintiff did not satisfy the condition precedent required in *Frye*, she does not have the benefit of the saving statute. Thus, her claims are time barred.

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against appellant, Marty Kendall.

_____
FRANK G. CLEMENT, JR., JUDGE