Clara FRAZIER

v.

**EAST TENNESSEE BAPTIST
HOSPITAL, INC., et al.**

Supreme Court of Tennessee,
at Knoxville.

Sept. 28, 2001.

Donna Keene Holt and David E. Waite, Knoxville, TN, for the appellant, Clara Frazier.

R. Franklin Norton, Gary G. Spangler, and Joe R. Feagins, Knoxville, TN, for the appellee, East Tennessee Baptist Hospital, Inc.

## OPINION

FRANK F. DROWOTA, III, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, WILLIAM M. BARKER, JJ., joined.

On May 8, 1998, plaintiff, in her capacity as estate administrator, brought this medical malpractice claim against defendant East Tennessee Baptist Hospital and Mark W. Jackson, M.D., in Knox County Circuit Court. On August 7, 1998, plaintiff moved for and was granted a voluntary dismissal without prejudice as to East Tennessee Baptist Hospital only. On August 5, 1999, plaintiff, seeking to rejoin East Tennessee Baptist Hospital as a defendant, filed a motion to amend the complaint and a proposed amended complaint. The motion to amend was granted and an order was entered on August 10, 1999, rejoining East Tennessee Baptist Hospital as a defendant. East Tennessee Baptist Hospital later filed a motion to dismiss, claiming that the period of limitation for re-filing under Tenn.Code Ann. § 28–1–105 had expired on August 7, 1999. The defendant's motion to dismiss was granted, and East Tennessee Baptist Hospital was dismissed from the case. Plaintiff appealed to the Court of Appeals, which affirmed the trial court's decision. The issue before this Court is whether the filing of a motion to amend and a proposed amended complaint "commenced a new action" within the meaning of Rule 3 of the Tennessee Rules of Civil Procedure and Section 28–1–105 of Tennessee Code Annotated (the "saving statute"). We hold that filing a motion to amend and a proposed amended complaint constitute commencement of a new action. Therefore, the plaintiff has fulfilled the requirements of the saving statute, and the judgments of the trial court and the Court of Appeals are reversed and this cause is remanded to the circuit court.

### I. Factual and Procedural Background

On May 8, 1998, the plaintiff, as Administrator of the Estate of Josie Mae Blalock Pickens, filed her complaint in this medical malpractice case in Knox County Circuit Court against East Tennessee Baptist Hospital, Inc. ("Baptist"), and Mark W. Jackson, M.D. On August 7, 1998, the plaintiff filed for voluntary dismissal of her claims against East Tennessee Baptist Hospital, and on the same day, the order granting the voluntary dismissal was entered. On August 5, 1999, the plaintiff filed a motion to amend the original complaint and a proposed amended complaint with the Knox County Circuit Court. On August 10, 1999, an order was entered

granting the plaintiff's motion to amend, thereby rejoining Baptist as a defendant. On September 20, 1999, Baptist filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure 12.02(6) and 12.03, arguing that the plaintiff's action was untimely because the order granting the motion to amend was filed two days after expiration of the one-year statutory period that allows commencement of a new action after a voluntary dismissal, Tennessee Code Annotated § 28–1–105 (the "saving statute"). Baptist argued that filing the motion to amend did not constitute commencement of a new action as required by the saving statute.

On January 11, 2000, Baptist's motion to dismiss was granted. On appeal, the Court of Appeals determined that Tennessee Rule of Civil Procedure 15.03, not the saving statute, applied. Therefore, because there was no "misnomer" or "mistake" requiring re-joining of the defendant under Rule 15.03, the Court of Appeals affirmed the trial court's judgment dismissing the plaintiff's cause of action against the defendant, finding it untimely.

## II. Analysis

The issue before this Court is whether the filing of a proposed amended complaint and motion to amend with the clerk of the trial court commenced an action within the meaning of Rule 3 of the Tennessee Rules of Civil Procedure and Section 28–1–105 of the Tennessee Code Annotated. Rule 3 provides that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." In contrast, the Tennessee saving statute, Tenn.Code Ann. § 28–1–105, provides, in part, the following:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, *commence a new action* within one (1) year after the reversal or arrest.

(emphasis added). Plaintiffs are permitted to obtain voluntary dismissals under Rule 41.01 of the Tennessee Rules of Civil Procedure, which provides in relevant part that:

(1) ... the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

(2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

Reading Rule 41.01 and Tenn.Code Ann. § 28–1–105 together, their effect is to allow a plaintiff, having already commenced the original lawsuit within the applicable statute of limitations, to take a maximum

of two voluntary dismissals without prejudice and still retain the capacity to re-join an original defendant so long as the plaintiff "commence[s] a new action" within one year of the granting of the first nonsuit.

As stated above, Rule 3 simply requires that a complaint be filed with the clerk of court to commence an action. Tennessee Code Annotated Section 28–1–101, however, defines "action" to "include[ ] motions, garnishments, petitions, and other legal proceedings in judicial tribunals for the redress of civil rights." Thus, the question before this Court is whether to equate the filing of a motion to amend and a proposed amended complaint, which are clearly "actions" under Section 28–1–101, with the filing of a complaint under Rule 3.

■ Although not binding on this Court, "[f]ederal [Circuit Court and District Court] case law interpreting rules similar to our own are persuasive authority for purposes of construing the Tennessee rule." *Harris v. Chern*, 33 S.W.3d 741, 745 n. 2 (Tenn.2000). In *Advey v. Celotex Corporation*, 962 F.2d 1177 (6th Cir.1991), the United States Court of Appeals for the Sixth Circuit addressed the issue of whether the filing of a motion to amend the complaint "commences" an action with respect to the Tennessee saving statute. In *Advey*, a group of plaintiffs filed a product liability suit against asbestos suppliers on July 29, 1987. On September 15, 1987, plaintiffs filed a motion to amend the complaint, adding Sparks as a plaintiff. On September 23, 1987, the district court denied the motion to amend and dismissed the entire suit for lack of subject matter jurisdiction. A new lawsuit was filed on September 21, 1988, by several plaintiffs, including Sparks. The defendants moved for summary judgment, and the district court ruled that Sparks had not brought his claim within Tennessee's one-year products liability statute of limitations.

On appeal, Sparks argued his suit was commenced when the September 15, 1987, motion to amend the complaint was filed. Sparks further contended that the second complaint filed September 21, 1988, was timely under the saving statute because it was filed within one year of the district court's dismissal for lack of subject matter jurisdiction. Thus, the issue before the Sixth Circuit was whether the filing of the motion to amend "commenced an action" for purposes of the saving statute. The Sixth Circuit recognized that, although the motion to amend, technically, was not a complaint under Rule 3, the broad definition of "action" provided in Tenn.Code Ann. § 28–1–101 includes motions to amend. The *Advey* court held, "[i]n light of the plain terms of Tenn.Code Ann. § 28–1–101 and our duty to liberally construe pleading rules, we find that Sparks's motion to amend was an action for the resuscitative purpose of the saving statute." 962 F.2d at 1182.

■ We have maintained in numerous cases that "[t]he role of this Court in construing statutes is to ascertain and give effect to legislative intent. Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Schering–Plough v. State Bd. of Equalization*, 999 S.W.2d 773, 775 (Tenn.1999). Statutes relating to the same subject or sharing a common purpose must be construed together ("in pari materia") "in order to advance their common purpose or intent." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn.1997). Ultimately, we seek the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Id.*; *see also LensCrafters, Inc. v. Sundquist*,

33 S.W.3d 772, 777 (Tenn.2000); *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995).

Rule 3 requires a complaint to commence an action. However, we read Tennessee Code Annotated Sections 28–1–101 and 28–1–105 to mean that the filing of a motion to amend along with a proposed amended complaint constitutes commencement of a new action within the purview of the saving statute. Indeed, the defendant's contention that filing a motion to amend and a proposed amended complaint does not commence a "new" action is contrary to this Court's early views on the saving statute:

> Counsel stresses the word "new" in the expression "commence a new action within a year," but the statute must be construed as a whole, and, while necessarily new in the sense that it is a beginning, is freshly started, it is well settled that it must be confined in its parties and purpose....

*Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966, 968 (1924), *rev'd on other grounds, Ware v. Meharry College,* 898 S.W.2d 181 (Tenn.1995). Therefore, we hold that plaintiff's filing of the motion to amend and the proposed amended complaint suffice to satisfy the "resuscitative" purpose of the saving statute.

■ The defendant also asserts that the plaintiff's commencement of a new action was untimely in this case because, although the motion to amend and proposed amended complaint were filed prior to the running of the saving statute's one-year limitation period, the order granting the motion to amend was filed after the saving period had expired. As the United States District Court for the Northern District of Indiana stated in *Eaton Corp. v. Appliance Valves Co.,*

> once the plaintiff has filed its proposed amended complaint accompanied by a motion for leave to amend within the statutory period, the statute of limitations is tolled even though the court order granting leave to amend and the technical filing of the amended complaint occur after the running of the statute of limitations. This is the only just and proper result since once leave to amend has been requested and a proposed complaint is on file, the plaintiff has taken those steps within his power to toll the statute and must await the appropriate court order.

634 F.Supp. 974, 982–83 (N.D.Ind.1984). Other jurisdictions addressing this particular issue have reached similar results, although some speak of "tolling" the statute of limitations while others simply state that the motion to amend stands in the place of the amended complaint. *See Mayes v. A T & T Information Systems,* 867 F.2d 1172 (8th Cir.1989)(filing of a motion to amend and a proposed amended complaint prior to the running of the statute of limitations, although not entered until after expiration of the statute, commences an action in accordance with Fed. R.Civ.P. 3); *Lee v. Crenshaw,* 562 F.2d 380 (6th Cir.1977); *Rademaker v. E.D. Flynn Export Co., Inc.,* 17 F.2d 15 (5th Cir.1927); *Bradley v. Armstrong Rubber Co.,* 46 F.Supp.2d 583 (S.D.Miss.1999); *Pearson v. Niagara Machine & Tool Works,* 701 F.Supp. 195 (N.D.Okla.1988); *Moore v. Grossman,* 824 P.2d 7 (Colo.Ct.App.1991)(filing of a motion to amend and a proposed amended complaint tolls the statute of limitations so long as the motion to amend, proposed amended complaint and summons are served prior to running of the limitations period); *Totura & Co., Inc. v. Williams,* 754 So.2d 671 (Fla.2000)(filing of a motion to amend stands in the place of an amended complaint); *Perez v. Paramount Communications, Inc.,* 92 N.Y.2d 749, 686 N.Y.S.2d 342, 709 N.E.2d 83 (1999)(filing of a motion

to amend along with the proposed amended complaint and summons tolled the statute of limitations). We agree with the general rule expressed in these jurisdictions to hold that, when the motion to amend the complaint and a proposed amended complaint are filed prior to the running of the statute of limitations, the motion to amend stands in place of the actual amended complaint while the motion is under review by the court. The fact that an order granting the motion to amend is entered after expiration of the statute of limitations does not make the amended complaint untimely.

Plaintiff contends that the Court of Appeals failed to consider the application of the saving statute following its analysis of the application of Rule 15.03. We agree. This Court has addressed the nature of the statutory predecessor to the current saving statute, and, quoting from a New York case regarding a similar statute, has held that

> [t]he statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.

*Burns v. Peoples Telephone & Telegraph Co.*, 161 Tenn. 382, 33 S.W.2d 76, 78 (1930)(quoting *Gaines v. New York*, 215 N.Y. 533, 109 N.E. 594, 596 (1915)). Indeed, as stated in *Advey*, "the availability of the saving statute is a function of notice to the defendant and diligence by the plaintiff," similar to the protections provided by Rule 15.03, yet operating independently. 962 F.2d at 1182 (citing *Lee v. Crenshaw*, 562 F.2d at 382). Therefore, we find that Rule 15.03 applies separately

from the Tennessee saving statute, and that, in this case, the saving statute is applicable, while Rule 15.03 is not. In sum, we hold that a plaintiff, having timely commenced an action, may take a voluntary dismissal without prejudice (subject to the restrictions of Rule 41.01 and Tenn. Code Ann. § 28–1–105) with respect to one or all defendants in the action, and may commence a new action against the same defendant or defendants by filing a motion to amend and a proposed amended complaint within one year of the order granting the voluntary dismissal. Because the plaintiff in this case filed her motion to amend and a proposed amended complaint prior to the expiration of the one-year limitation period provided by the saving statute, we hold that the trial court erred in granting the defendant's motion to dismiss.

### CONCLUSION

We hold that filing a motion to amend and a proposed amended complaint commences a new action as contemplated by Tennessee Code Annotated § 28–1–105. The plaintiff in this case filed a motion to amend and a proposed amended complaint two days before the expiration of the one-year limitation period provided in the saving statute. Therefore, the action was timely commenced and the trial court erred in granting the defendant's motion to dismiss. The judgments of the trial court and the Court of Appeals are hereby reversed, and this case is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the respondent, East Tennessee Baptist Hospital, Inc.