IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2001 Session

## CHARLES W. SALSMAN and CHARLES M. DUKE, JR.
v.
## TEXCOR INDUSTRIES, INC., IRBY C. SIMPKINS, JR., WESLEY G. GRACE, JAMES A MASSEY, and BROWNLEE O. CURREY, JR.

Appeal from the Circuit Court for Shelby County
No. 303920-3 T.D.     Karen R. Williams, Judge

No. W2001-00730-COA-R9-CV - Filed July 29, 2002

This appeal arises out of a petition filed in Tennessee to enroll a Texas judgment. In this case, the plaintiffs filed a petition to enroll the foreign judgment. While this was pending, the defendants filed a motion for leave to amend their answer to assert a counterclaim. Three days later, before the trial court had ruled on the motion to amend, the plaintiffs filed a notice of voluntary dismissal, including a proposed order stating that no counterclaim had been pled. The trial court entered the proposed order. Subsequently, in response to the defendants' motion, the trial court vacated its earlier order of dismissal and granted the defendants' motion to amend to assert the counterclaim. In this interlocutory appeal, we affirm, holding under Rule 41.01(1) of the Tennessee Rules of Civil Procedure that the proposed counterclaim attached to the motion to amend is considered a "pleaded" counterclaim, thereby permitting the defendants to elect to proceed on the counterclaim despite the plaintiffs' notice of voluntary dismissal.

### Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Circuit Court Affirmed

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

John S. Golwen and Ashley S. Old, Memphis, Tennessee for the Appellants, Charles W. Salsman and Charles M. Duke, Jr.

Steven C. Douse, Nashville, Tennessee and Lee S. Saunders, Somerville, Tennessee for the Appellees, Texcor Industries, Inc., Irby C. Simpkins, Jr., Wesley G. Grace, James A. Massey, and Brownlee O. Currey, Jr.

**OPINION**

Plaintiff/appellants Charles W. Salsman and Charles M. Duke (collectively "plaintiffs") are Texas residents. Defendant/appellee Texcor Industries, Inc ("Texcor") is a Texas corporation. Defendant/appellees Irby Simpkins, Wesley Grace, James Massey and Brownlee Currey (collectively "defendants") are Tennessee residents who entered into a business venture with the plaintiffs in the early 1990s in which the defendants purchased 50% of the stock of Texcor. The venture proved unsuccessful. As a result, the parties filed two separate lawsuits in Texas. In October 1996, the parties entered into a "Settlement Agreement and Mutual Release" resolving both Texas lawsuits. In this Settlement Agreement, the defendants agreed to pay the plaintiffs $383,000 on or before June 30, 1999. In addition, the parties entered an "Agreed Final Judgment" to be held in escrow until the Settlement Agreement was fully executed. However, the defendants failed to pay in accordance with the Settlement Agreement. On July 2, 1999, the plaintiffs filed a petition in Texas seeking to have the Agreed Final Judgment entered against the defendants. The Texas court signed and entered the Agreed Final Judgment, giving the plaintiffs a judgment in excess of $383,000, plus attorney's fees and post-judgment interest. Thereafter, the Texas plaintiffs filed a petition in Shelby County, Tennessee to enforce the Texas judgment. The Tennessee defendants filed responses to the Tennessee petition, asserting that the Texas judgment violated the Tennessee confession of judgment statute, Tennessee Code Annotated § 25-2-101[1], and was therefore void and unenforceable. The defendants' responses to the petition also raised defenses to enforcement based on fraud and misrepresentation. The defendants' responses asserted no counterclaims against the plaintiffs. The trial judge heard oral argument on the petition and took the matter under advisement.

Subsequently, while the Tennessee petition was under advisement, the plaintiffs filed a new lawsuit in Texas, in order to obtain a judgment free from any alleged violations of the Tennessee confession of judgment statute. The plaintiffs' Tennessee counsel was instructed to nonsuit the previously filed Tennessee petition to enroll the first Texas judgment. However, on February 4, 2000, before the Tennessee petition was nonsuited, the defendants filed a motion seeking leave to amend their answer to assert a counterclaim. This motion included the proposed counterclaim. On the same day, the defendants faxed a copy of the motion to amend and the proposed counterclaim to the plaintiffs' counsel. Three days later, the plaintiffs filed with the Tennessee trial court a notice of voluntary dismissal. It included a proposed order of dismissal which stated that "no. . .counter-claim [has] been pled in this matter." The trial judge signed the order of dismissal.

On February 9, 2000, the Tennessee defendants received copies of the notice of voluntary dismissal as well as the order of dismissal. On February 10, 2000, the defendants filed a motion to

---

[1] Tennessee Code Annotated § 25-2-101(a) provides:

> Any power of attorney or authority to confess judgment which is given before an action is instituted and before the service of process in such action, is declared void; and any judgment based on such power of attorney or authority is likewise declared void.

modify the trial court's order to reflect that only the plaintiffs' original claims were dismissed and that the defendants would be allowed to proceed with their counterclaim. The motion was argued and the trial court took the matter under advisement.

On January 19, 2001, the trial court vacated its original order dismissing the entire Tennessee lawsuit.[2] On March 16, 2001, the Tennessee trial court entered an order granting the defendants' leave to amend to assert a counterclaim. In response, the plaintiffs sought permission to take an interlocutory appeal, and a stay of prosecution of the defendants' counterclaim. Permission for interlocutory appeal was granted by the trial court, and the stay was granted as well. Subsequently, permission for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure was granted by this Court as well.

On appeal, the plaintiffs argue that the trial court erred in vacating its original order of dismissal and in granting the defendants' motion to amend to assert a counterclaim. The plaintiffs first argue that the defendants had not *pleaded* a counterclaim prior to being served notice of the plaintiffs' voluntary dismissal. Therefore, they assert, the counterclaim did not survive the voluntary dismissal. This is governed by Rule 41.01(1) of the Tennessee Rules of Civil Procedure, which provides:

> [T]he plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties. . .*If a counterclaim has been pleaded* by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

(emphasis added). The plaintiffs argue that the counterclaim had not been "pleaded" under Rule 41.01(1). It is undisputed that the defendants' motion to amend to add the counterclaim was filed prior to the filing of the plaintiffs' notice of voluntary dismissal.

Our review of this case involves the interpretation of the Tennessee Rules of Civil Procedure. "[T]he Rules of Civil Procedure are to be construed in the same way and manner as statutes are construed." **First Tenn. Bank, N.A. v. Dougherty**, 963 S.W.2d 507, 508 (Tenn. Ct. App. 1997). Therefore, this Court's review is de novo without a presumption of correctness for the trial court's legal findings. **See Freeman v. Marco Transp. Co.**, 27 S.W.3d 909, 911 (Tenn. 2000).

This case presents an issue of first impression, namely, under Rule 41.01(1) of the Tennessee Rules of Civil Procedure, whether a counterclaim is deemed "pleaded" within the meaning of the Rule if a motion for leave to amend to add the counterclaim has been filed but not yet granted. Most

---

[2]Although the defendants' motion sought only to vacate the portion of the order of dismissal which would operate to dismiss the counterclaim, the trial court's order appears to vacate the order of dismissal in its entirety.

courts in other jurisdictions considering this issue under the state rules of civil procedure have concluded that "where the defendant's motion to add a counterclaim is pending when the plaintiff moves to voluntarily dismiss the action, the pendency of the motion for a counterclaim should defeat dismissal." 24 Am. Jur. 2d *Dismissal* § 86 (1998) (citing ***Our Gang, Inc. v. Commvest Sec., Inc.***, 608 So. 2d 542 (Fla. Dist. Ct. App. 1992). ***See also Worthen v. Jones***, 240 S.E.2d 842, 844 (Ga. 1977) (finding that "a motion to intervene as a defendant accompanied by a counterclaim is sufficient to satisfy the [pleaded] counterclaim requirement. . . and preclude the plaintiff from voluntarily dismissing his suit pending decision on the motion to intervene"). ***But see Chinook Research Labs., Inc. v. U.S.***, 22 Cl. Ct. 853, 855 n. 1 (Cl. Ct. 1991) (stating, in dicta, that a motion for leave to file a counterclaim was not a pleaded counterclaim for purposes of F.R.C.P. 41(a)(2)).

In addition, a decision by the Tennessee Supreme Court regarding Rule 3 of the Tennessee Rules of Civil Procedure is instructive. In ***Frazier v. East Tennessee Baptist Hospital, Inc.***, 55 S.W.3d 925 (Tenn. 2001), the Court considered the following issue:

> The issue before this Court is whether the filing of a proposed amended complaint and motion to amend with the clerk of the trial court commenced an action within the meaning of Rule 3 of the Tennessee Rules of Civil Procedure and Section 18-1-105 of the Tennessee Code Annotated.

*Id.* at 927. In *Frazier*, the plaintiff had taken a nonsuit against one defendant, a hospital, while the plaintiffs' claims against a second defendant remained pending. *Id.* at 926. The plaintiff later sought and obtained leave of court to amend her complaint to rejoin the hospital as a defendant. *Id.* at 926-927. However, the defendant hospital filed a motion to dismiss, arguing that the time for re-filing under the one-year savings statute, Tennessee Code Annotated § 28-1-105,[3] had expired two days prior to entry of the trial court's order granting the plaintiffs' motion to bring the hospital back in as a defendant. *Id.* at 927. The motion to dismiss was granted by the trial court. On appeal, the Tennessee Supreme Court was required to determine whether "the commencement of a new action was untimely. . .because, although the motion to amend and proposed amended complaint were filed prior to the running of the saving statute's one-year limitation period, the order granting the motion to amend was filed after the saving period had expired." *Id.* at 929. Although leave of court was required in order for the plaintiff to amend her complaint, the *Frazier* Court rejected the defendant

---

[3] Tennessee Code Annotated § 28-1-105(a) provides in part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

hospital's argument that the action against the hospital was not commenced until entry of the trial court's order granting the plaintiff's motion for leave to amend. *Id.* at 930. The Court held:

> [W]hen the motion to amend the complaint and a proposed amended complaint are filed prior to the running of the statute of limitations, *the motion to amend stands in place of the actual amended complaint while the motion is under review by the court.* The fact that an order granting the motion to amend is entered after expiration of the statute of limitations does not make the amended complaint untimely.

*Id.* (emphasis added).

In this case, the plaintiffs correctly note that the defendants' motion to amend its response to include a counterclaim required leave of the trial court under Rule 13.06 of the Tennessee Rules of Civil Procedure. This was true of the motion to amend in *Frazier* as well. In *Frazier*, the Court held that a motion to amend the complaint "stands in place of the actual amended complaint while the motion is under review by the court." *Frazier*, 55 S.W.3d at 930. This reasoning must also be applied to interpret Rule 41.01(1) of the Tennessee Rules of Civil Procedure. Thus, we hold that a motion to assert a counterclaim which is pending at the time the plaintiff files a notice of voluntary dismissal is considered a *pleaded* counterclaim under Rule 41.01(1) where, as here, the motion for leave to amend is later granted.

The plaintiffs argue that the trial court did not have jurisdiction to grant the defendants permission to amend their answer to assert a counterclaim once the trial court's order of dismissal became final. However, the defendants filed a "Motion to Vacate Order of Dismissal" three days after the trial court's order of dismissal was entered. This motion was, in effect, a motion to modify or set aside the judgment before the judgment became final. *See* Tenn. R. Civ. P. 59.04. Under Rule 59.04, it is well settled that "any order or judgment of the Circuit Court is subject to the control of the trial judge and may be modified or set aside by him at any time before becoming final." *Newport Hous. Auth., Inc. v. Hartsell*, 533 S.W.2d 317, 320 (Tenn. Ct. App. 1975). Therefore, the trial court had jurisdiction to modify its previously issued order of dismissal to permit the defendants to assert their counterclaim.

The plaintiffs also argue that the entire lawsuit, including the proposed counterclaim, was terminated automatically upon their filing of a notice of voluntary dismissal and, therefore, the trial court lacked jurisdiction to grant the defendants' motion to amend to assert the counterclaim. While it is true that "[t]he court has no jurisdiction over a counterclaim filed after the suit is voluntarily dismissed," *see* 24 Am. Jur. 2d *Dismissal* § 86 (1998), in this case, the motion to amend to assert the counterclaim was filed before the notice of the voluntary dismissal. As noted above, the defendants' motion to amend to assert a counterclaim is considered a *pleaded* counterclaim for purposes of Rule 41.01(1), where the motion to amend is later granted. Therefore, notwithstanding the plaintiffs' notice of voluntary dismissal, the trial court retained jurisdiction over the defendants' motion to amend. Therefore, the trial court did not err in vacating its order of dismissal and in granting the defendants' motion for leave to amend to assert their counterclaim.

The decision of the trial court is affirmed. Costs of this appeal are taxed against the appellants, Charles W. Salsman and Charles M. Duke, and their surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE