# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 7, 2002 Session

## ROBERT MAY v. WOODLAWN MEMORIAL PARK, INC.

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 01C-1921    The Honorable Carol Soloman, Judge**

---

**No. M2001-02945-COA-R3-CV - Filed September 17, 2002**

---

This appeal involves a dismissal in circuit court of a general sessions appeal for failure of plaintiff-appellant to obtain a trial date within 45 days of the appeal pursuant to local rule of court. After the trial court's dismissal, plaintiff filed a motion to alter or amend pursuant to Tenn.R.Civ.P., Rules 59 and 60, which motion was denied. Plaintiff has appealed. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Paul W. Duty, John H. Lowe, Goodlettsville, For Appellant, Robert May

Scott D. Carey, Sandi L. Pack, Nashville, For Appellee, Woodlawn Memorial Park, Inc.

## OPINION

Plaintiff, Robert May (May), sued defendant, Woodlawn Memorial Park (Woodlawn), in general sessions court and the case was dismissed by the general sessions court on June 20, 2001 for failure to prosecute. On June 21, 2001, May appealed for a *de novo* trial in circuit court with an appropriate appeal bond. On July 31, 2001, May filed a motion to set the case for trial, or in the alternative, for a scheduling order and also included a motion to amend the pleadings. The motion was set for a hearing on August 24, 2001, but at the request of Woodlawn, was continued by agreement to August 31, 2001.

Relying on Rule 20(b), Local Rules of Practice of the Courts of Record of Davidson County, the trial court, on September 24, 2001, entered an order dismissing the appeal, which states:

It appears to the Court that this general sessions appeal has not been set for trial within forty-five (45) days.

Therefore, in accordance with Rule 20(b) of Local Rules of Practice of the Courts of Record of Davidson County, it is ORDERED that the judgment of the General Sessions Court is hereby made a judgment of the Circuit Court.

Further, the cost of this cause are [sic] assessed to the appellant, and/or its surety for which execution may issue, if necessary.

On October 23, 2001, May filed a motion to alter or amend the judgment pursuant to Rules 59 and 60, Tenn.R.Civ.P. We perceive the motion, with the supporting documents, to present two avenues for relief: (1) May asserts that he complied with the local rule by filing his motion for a trial setting within 45 days; (2) If, in fact, he is incorrect in his interpretation of the rule, he should have relief resulting from his counsel's mistake, inadvertence, or excusable neglect. *See* Tenn.R.Civ.P. 60.02 (1).

The trial court denied May's motion and he has appealed, presenting three issues for review, as stated in his brief:

(1) Whether the Appellant complied with the local rules of the Davidson County Court when he filed his motion to set his general sessions appeal within forty-five (45) days of the receipt of the warrant by the Circuit Court;

(2) Whether the local rule in question and the actions of the trial court in dismissing Appellant's general sessions appeal were contrary to controlling state law and wrongfully deprived Appellant of his fundamental rights of due process and equal protection;

(3) Whether the trial court erred in failing to set aside the dismissal of Appellant's general sessions appeal.

Consideration of the first issue involves an interpretation of Local Rule 20(b) of the Local Rules of Practice of the Davidson County Court of Record, which states:

Once the warrant being appealed is received by and filed with the Circuit Court Clerk, the appellant has the duty to set the appeal for a hearing before a trial judge. The appellant has forty five (45) days to secure a trial date from the court. This time is counted from the date the Circuit Court Clerk files the appealed warrant. If the appellant fails to secure this order

within the 45 day time period, an order will be entered making the judgment of the General Sessions Court the judgment of the Circuit Court with costs taxed to the appellant. At the time the appeal is perfected in the Clerk's office, the clerk shall give the appellant or the appellant's attorney written notice of this rule.

All trial courts are required to adopt in writing local rules describing procedures for various steps in the trial of cases, including the setting of cases for trial. Rule 18 (a)(1), Rules of the Supreme Court.[1] Thus, the promulgation of the local rules is somewhat analogous to the legislative actions and the interpretation and construction of the rules as guided by the rules concerning statutory construction. The primary rule of statutory construction is that the intention of the legislative body must prevail. ***Mosier v. DOT***, 982 S.W.2d 864 (Tenn. Ct. App. 1998). In construing the legislation, the Court must seek a reasonable construction in light of the purposes, objectives, and spirit of the legislation based on good, sound reasoning. ***See Scott v. Ashland Health Care Ctr.***, 49 S.W.3d 281 (Tenn. 2001). In ascertaining the intent of the legislature, the court may look to the language of the legislature, its subject matter, the object and reach of the legislation, and the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment. ***See State v. Gilliland***, 22 S.W.3d 266 (Tenn. 2000). Legislative intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used. ***See Lipscomb v. Doe***, 32 S.W.3d 840 (Tenn. 2000).

While trial courts of this state have the authority to make and implement reasonable local rules of practice and procedure in their respective courts, the rules cannot conflict with substantive rules of law. ***See Brown v. Daly***, 884 S.W.2d 121 (Tenn. Ct. App. 1994). In the interpretation of local rule 20 (b), we should read the local rule in light of the objectives of the Tennessee Rules of Civil Procedure "to secure a just, speedy, and inexpensive determination of every action." Tenn.R.Civ.P. 1.

Local rule 20(b) states that the appellant has to secure a trial date from the court and contemplates that securing a trial date is by court order. To obtain such an order, a written motion must be filed. Tenn.R.Civ.P. 7.02. The primary principle underlying these decisions is that "procedural rules should be used to enhance, rather than impede, the search for justice and avoid legal technicalities and procedural niceties." ***See Levy v. Bd. of Zoning Appeals, Williamson County***, M1999-001260COA-R3-CV, 2001 Lexis 722 *1 at * 12 (Tenn. Ct. App. Sept. 27, 2001).

---

[1] The legislature has authorized the promulgation of local rules of court in T.C.A. § 16-2-511, which provides:
> Uniform rules of practice may be promulgated in each district by the judges thereof. Such rules shall be consistent with the statutory law, the Rules of the Supreme Court and the Rules of Criminal and Civil Procedure. The judges within a district may, by rule, designate courts or parts of a court that will be primarily responsible for hearing certain types of cases or cases dealing with certain areas of the law. Not less than thirty (30) days prior to such rules taking effect, copies of such rules shall be published and circulated to the practicing bar, and filed with the administrative director of the courts.

Consequently, where no prejudice exists, procedural rules should not be used to "thwart the consideration of cases on their merits." *Id.* at \*13; *see also Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). "[I]t is the general rule that courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits." *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (citing *Stapp v. Andrews*, 172 Tenn. 610, 113 S.W.2d 749, 750 (1938)).

In *Frazier v. East Tennessee Baptist Hosp.*, 55 S.W.3d 925 (Tenn. 2001), our Supreme Court was faced with a situation somewhat analogous to the situation presented here. In *Frazier*, plaintiff sued a hospital and a physician in a medical malpractice action. During the course of the preliminary proceedings, plaintiff voluntarily dismissed the hospital as a party defendant on August 7, 1998. After further discovery, plaintiff determined that the hospital should actually be a party defendant and, on August 5, 1999, plaintiff filed in the circuit court a motion to amend the original complaint and a proposed amended complaint adding the hospital as a defendant. On August 10, 1999, an order was entered granting the motion to amend, thereby rejoining the hospital as a defendant. The hospital filed a motion to dismiss, arguing that plaintiff's action was untimely, because the order granting the motion to amend was filed two days after the expiration of the one-year statutory period for commencement of a new action pursuant to T.C.A. § 28-1-105. The hospital took the position that the filing of the motion to amend did not constitute a commencement of the new action, as provided for in the savings statute. In holding that the plaintiff's action against the hospital was timely filed within the savings statute, the Court quoted with approval from *Eaton Corp. v. Appliance Valves Co.*, 634 F.Supp. 974, 982-83 (N.D. Ind. 1984), as follows:

> [O]nce the plaintiff has filed its proposed amended complaint accompanied by a motion for leave to amend within the statutory period, the statute of limitations is tolled even though the court order granting leave to amend and the technical filing of the amended complaint occur after the running of the statute of limitations. This is the only just and proper result since once leave to amend has been requested and a proposed complaint is on file, the plaintiff has taken those steps within his power to toll the statute and must await the appropriate court order.

*Id.* at 982-83.

The *Frazier* Court said:

> We agree with the general rule expressed in these jurisdictions to hold that, when the motion to amend the complaint and a proposed amended complaint are filed prior to the running of the statute of limitations, the motion to amend stands in place of the actual amended complaint while the motion is under review by the court.

55 S.W.3d at 930.

The trial court's requirement that Appellant secure an actual date, after he had filed a Motion to Set, erects a technical barrier to appeal, such as our Supreme Court has cautioned against. *See Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn. 1996). Neither an attorney nor a pro se litigant has the power to mandate a court to set a hearing date. The most that the attorney can do is to request, by motion, that a date be set. Once that motion has been filed, the matter is, for all intents and purposes, out of the hands of the attorney or litigant. As in *Frazier, supra*, the appellant has taken the steps within his power to obtain a trial date. *See Eaton Corp. v. Appliance Valves Co.,* 634 F.Supp. 974, 982-83 (N.D. Ind. 1984). Consequently, in the instant case, it would fly in the face of justice to require that the matter actually be set within the forty-five (45) day period prescribed by Local Rule 20(b). Such a holding could open the rule to abuse and contravene the purpose behind the Tennessee Rules of Civil Procedure.

A case very similar to the case at bar was presented to this Court in *Nelson v. The Application Group*, 1997 Tenn. Ct. App. LEXIS 796. The applicable rule then was local rule 19, which required that "the case shall be set for trial within forty-five (45) days." Although the motion to set the case for trial was filed within forty-five days, no order was entered within that time period, and the trial court dismissed the case for failure to comply with Rule 19. The appealing lawyer filed motions for relief pursuant to Tenn.R.Civ.P. 60.02 and 59.04, which motion was denied. On appeal, this Court reversed the trial court's order overruling the 60.02 motion and remanded the case for further proceedings. In so doing, the Court noted "that the lawyer complied with Rule 19 by timely filing a motion to set."

Appellant in the instant case timely filed the motion pursuant to Rule 20 to set the case for trial. Upon the filing the motion the determination of the trial date is out of the hands of the movant, and a reasonable construction of the rule is that the filing of the motion complies therewith and we so hold. However, if we are in error in this holding, at the very least the appellant is entitled to relief pursuant to Rule 60.02.

Accordingly, the order of the trial court dismissing plaintiff's appeal is reversed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellee, Woodlawn Memorial Park, Inc.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.