IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 22, 2004 Session

## LINDA WARD, Individually and as Natural Child and Surviving Next of Kin of NELLIE M. CURLIN, deceased v. AMI SUB (SFH), INC., ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-001862-00-4    Rita Stotts, Judge

No. W2003-00965-COA-R3-CV - Filed February 25, 2004

This appeal arises from a medical malpractice action. The trial court awarded Defendant Luis A. Fiallo, M.D., summary judgment based on the statute of limitations and statute of repose. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Randal J. Phillips and Robert N. Russ, Jackson, Tennessee, for the appellant, Linda Ward.

John C. Ryland and Michael G. McLaren, Memphis, Tennessee, for the appellee, Luis A. Fiallo, M.D.

### OPINION

On April 19, 2000, Plaintiff Linda Ward (Ms. Ward) filed her original complaint against AMI SUB (SFH), Inc., d/b/a Saint Francis Hospital ("St. Francis") and Louis J. Eberle, M.D. (Dr. Eberle) alleging medical malpractice. In her complaint, Ms. Ward alleged her mother, Nellie Curlin (Ms. Curlin) died as the result of Dr. Eberle's failure to diagnose and treat post-operative pneumothorax following triple coronary bypass surgery. Ms. Curlin died of pulmonary failure on April 26, 1999.

Dr. Eberle answered on May 22, 2000, and St. Francis answered on June 9, 2000. Dr. Eberle denied Ms. Ward's allegations, stating he "did not treat this patient (Ms. Curlin), did not perform any medical procedures on this patient, ha[d] never seen this patient, and did not consult on this

patient." St. Francis denied any negligence and moved that the complaint be dismissed for failure to state a claim. St. Francis further asserted the doctrine of comparative fault as an affirmative defense. In their answers, neither Dr. Eberle nor St. Francis alleged fault on the part of Defendant Luis A. Fiallo, M.D. (Dr. Fiallo).

During the course of discovery, Ms. Ward deposed Dr. Fiallo on November 9, 2000. She then voluntarily non-suited Dr. Eberle on November 20, 2000. On July 13, 2001, St. Francis amended its answer to assert the doctrine of comparable fault as to Dr. Fiallo.

Despite the running of the one year statute of limitations, pursuant to Tennessee Code Annotated § 20-1-119, Ms. Ward had ninety days from the filing of St. Francis's amended answer to amend her complaint to add Dr. Fiallo as a defendant and to cause process to be issued, or to bring a separate action against Dr. Fiallo. On August 16, 2001, Ms. Ward filed a motion to amend her complaint to add Dr. Fiallo as a defendant. Ms. Ward served Dr. Fiallo's counsel with a copy of her motion to amend and proposed order. However, Ms. Ward failed to file her amended complaint and to cause process to be issued within ninety days as required by Tennessee Code Annotated § 20-1-119.

On April 4, 2002, Ms. Ward and St. Francis entered an "agreed order amending complaint." Pursuant to this order, the trial court granted Ms. Ward fifteen days to file her amended complaint to add Dr. Fiallo.[1] Ms. Ward failed to file her amended complaint to add Dr. Fiallo as a defendant and to cause process to issue until October 3, 2002. Dr. Fiallo moved to dismiss the cause on November 1, 2002, asserting it was barred by the statute of limitation and statute of repose set forth in Tennessee Code Annotated § 29-26-116. The trial court awarded Dr. Fiallo summary judgment based on Tennessee Code Annotated § 29-26-116(a)(1) and (a)(3) on March 19, 2003.[2] Ms. Ward now appeals.

### Issues Presented

Ms. Ward raises the following issues, as we restate them, for review by this Court:

(1)     Whether Ms. Ward's filing of a motion to amend her complaint to add Dr. Fiallo as a defendant satisfies the requirements of Tennessee Code Annotated § 20-1-119(a), where her amended complaint was not filed and process was not served on Dr. Fiallo within ninety days of St. Francis' amended answer.

---

[1] We observe that Dr. Fiallo was not a party to the agreed order. In light of our disposition of this matter, it is not necessary for us to address the propriety of the Agreed Order, or whether Ms. Ward and St. Francis could agree to extend the time to add Dr. Fiallo as a defendant.

[2] The trial court's award of summary judgment to Dr. Fiallo was entered as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, there being no just reason for delay in entry of final judgment as to Defendant Luis A. Fiallo.

(2)     Whether the trial court erred in awarding summary judgment to Dr. Fiallo based on the statute of limitation and statute of repose set forth in Tennessee Code Annotated § 29-26-116.

## Standard of Review

The issues raised in this appeal are issues of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## *Analysis*

Ms. Ward submits that the filing of her motion to amend her complaint to add Dr. Fiallo as a defendant within ninety days after St. Francis filed its amended answer, where the motion was served on Dr. Fiallo's attorney, satisfies Tennessee Code Annotated § 20-1-119. She further submits that this argument is supported by the holdings of the Tennessee Supreme Court in *Frazier v. East Tennessee Baptist Hospital, Inc.*, 55 S.W.3d 925 (Tenn. 2001), and this Court in *McCullough v. Johnson City Emergency Physicians*, 106 S.W.3d 36 (Tenn. Ct. App. 2002)(perm. app. denied), and *Townes v. Sunbeam Oster*, 50 S.W.3d 446 (Tenn. Ct. App. 2001)(perm. app. denied). We disagree.

The Tennessee Code provides, in pertinent part:

Comparative fault -- Joinder of third party defendants. --

(a)  In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
        (1)  Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or
        (2)  Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.
        (b)  A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an

action against a person when such an action is barred by an applicable statute of repose.

Tenn. Code Ann. § 20-1-119(a)(b)(Supp. 2003).

In *Frazier v. East Tennessee Baptist Hospital, Inc.*, the Tennessee Supreme Court addressed the issue of whether the filing of a motion to amend a complaint and a proposed amended complaint commences an action for the purposes of the savings statute provided by Tennessee Code Annotated § 28-1-105. Reading sections 28-1-101 and 28-1-105 together, the court held that the filing of a motion to amend a complaint and a proposed amended complaint were sufficient to satisfy the savings statute. *Frazier v. E. Tennessee Baptist Hosp., Inc.*, 55 S.W.3d 925, 929 (Tenn. 2001).

In *McCullough v. Johnson City Emergency Physicians*, this Court noted that Tennessee Code Annotated § 20-1-119 does not toll the statute of repose provided by Tennessee Code Annotated § 29-26-116(a)(3). *McCullough v. Johnson City Emergency Physicians*, 106 S.W.3d 36, 46 (Tenn. Ct. App. 2002). We further noted that the savings statute does not toll the statute of repose where the plaintiff's original action against the defendant was not filed within the one-year statute of limitation period. *Id.* at n5. The *McCullough* court held that although the plaintiffs had filed their motion to amend their complaint to add a defendant within the ninety days prescribed by Tennessee Code Annotated § 20-1-119, the trial court did not abuse its discretion by denying plaintiffs' motion where the statute of repose had expired. *Id.* at 47.

In *Townes v. Sunbeam Oster*, we addressed the issue of whether plaintiffs can utilize Tennessee Code Annotated § 20-1-119 to add a defendant where that defendant was known to the plaintiffs as a potential tortfeasor when plaintiffs filed their original complaint. We held that the plain language of this section does not condition its applicability on the plaintiff's lack of knowledge of the existence of the defendant whom the plaintiff seeks to add. *Townes v. Sunbeam Oster*, 50 S.W.3d 446, 453 (Tenn. Ct. App. 2001). In *Townes*, we further held plaintiffs could take advantage of Tennessee Code Annotated § 20-1-119 to add as a defendant a party which initially was a party to the lawsuit, but was dismissed from the action. *Id.* at 454. We held that plaintiffs could amend their complaint to assert new claims against the former defendant following the identification of that entity as a potential tortfeasor by a second defendant because, having been dismissed from the action, that entity no longer was a party to the lawsuit. *Id.*

Ms. Ward cites these cases for the proposition that the relevant inquiry into whether a plaintiff has fulfilled the requirements of Tennessee Code Annotated § 20-1-119 is whether the plaintiff has "sought" to amend the complaint by filing a motion to amend. *Frazier*, however, concerns the savings statute and not Tennessee Code Annotated § 20-1-119, which requires that the complaint be amended and process issued within ninety days. *McCullough* addressed the trial court's denial of plaintiff's motion to amend in light of the statute of repose. *Townes* addressed when the status of an added defendant as a party should be determined. None of these cases stands for the proposition that a plaintiff's motion to amend is sufficient to satisfy the requirements of Tennessee

Code Annotated § 20-1-119 that the complaint must be amended and process issued within ninety days.

When construing a statute, the role of the court is to effectuate the intent of the legislature. *Frazier*, 55 S.W.3d at 928. Whenever possible, legislative intent should be ascertained from the plain language of the statute. *Id.* The plain language of Tennessee Code Annotated § 20-1-119 requires that in order to add as a defendant a non-party against whom comparative fault has been alleged by the defendant named in the original complaint, the plaintiff must amend the complaint *and* cause process to issue. Ms. Ward's motion to amend her complaint simply failed to fulfill the unambiguous requirements of the statute.

Ms. Ward submits that public policy mandates a holding that the filing of a motion to amend fulfills the requirements of Tennessee Code Annotated § 20-1-119. The public policy of this state is "found in its constitution, statutes, judicial decisions and applicable rules of common law." *Alcazar v. Hayes*, 982 S.W.2d 845, 851 (Tenn.1998)(quoting *State ex rel. Swann v. Pack*, 527 S.W.2d 99 (Tenn.1975)). It is primarily the function of the legislature to determine public policy. *Id.* The judiciary may make public policy determinations only in the absence of constitutional or legislative directives. *Id.* In the case before us, there is neither an absence of legislative directive nor ambiguity in the statute. We are not insensitive to circumstances under which this may yield a harsh result, for example, where a trial court fails to act on a motion to amend within ninety days. However, it is not within the province of this Court to rewrite the plain language of a statute.

The parties do not dispute that Ms. Ward's amended complaint naming Dr. Fiallo as a defendant was filed beyond the one-year statute of limitation. Additionally, we have determined that Ms. Ward failed to fulfill the requirements of Tennessee Code Annotated § 20-1-119. We accordingly affirm judgment of the trial court awarding summary judgment to Dr. Fiallo.

### Conclusion

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Linda Ward, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE